# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# Wheeling

**LISA WEEMS**,

Petitioner,

v.                                                  **Civil Action No. 5:22-CV-106**
                                                                    Judge Bailey

**SFF HAZELTON, WARDEN**,

Respondent.

## ORDER DISMISSING CASE

Pending before this Court on initial review is Lisa Weems' *pro se* Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241.

Pursuant to 28 U.S.C. § 1915, the Court must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is "frivolous, malicious, or fails to state a claim upon which relief can be granted."

Ms. Weems was sentenced to a term of 120 months incarceration in the Eastern District of Tennessee for conspiracy to distribute methamphetamine. She is currently serving her sentence at the Secure Female Facility Hazelton in Bruceton Mills, West Virginia.

In her petition, Ms. Weems is seeking "the 2 days for 1" hard time COVID credit.

This Court concludes that it is without jurisdiction to entertain the petitioner's claim. Courts are receiving release requests under two distinct statutory "mechanisms" during the current pandemic–the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act") and what is often referred to as the "compassionate release" framework set forth in 18 U.S.C. § 3582(c)(1)(A). In the instant matter, the petitioner clearly is seeking enhanced credit for time served under the CARES Act.

Section 12003 of the CARES Act presently and temporarily provides for expanded prisoner home confinement under the framework set out in 18 U.S.C. § 3624(c). CARES Act, Pub. L. No. 116-136, 134 Stat. 281 (2020). The CARES Act places decision-making authority solely within the discretion of the Attorney General and the Director of the Bureau of Prisons. Courts therefore do not have power to grant relief under Section 12003 of the CARES Act. **United States v. Rucker**, 853 Fed.Appx. 893 (4th Cir. 2021); **United States v. Harless**, 849 Fed.Appx. 419 (4th Cir. 2021).

Alternatively, 18 U.S.C. § 3582(c)(1)(A)(i) allows district courts to consider prisoner motions for sentence reduction upon a finding of "extraordinary and compelling reasons." However, it is clear that the petitioner is unable to proceed under this mechanism in a § 2241 in this district, because courts in this Circuit and elsewhere have consistently found that such a request must instead be brought in the sentencing court. See, e.g., **Robinson v. Wilson**, 2017 WL 5586981, at *5 (S.D. W.Va. Sept. 26, 2017) (Eifert, M.J.) ("Like a § 2255 motion, a § 3582 motion must be filed in the movant's underlying criminal action and be addressed by the sentencing court."), report and recommendation adopted, 2017 WL 5586272 (S.D. W.Va. Nov. 20, 2017) (Faber, J.); **Deffenbaugh v. Sullivan**, 2019 WL 1779573, at *2 (E.D.

N.C. Apr. 23, 2019) (Flanagan, J.) ("If petitioner now seeks to file his own motion for § 3582 compassionate release, such a motion must be filed in the sentencing court."); *Allah v. Fed. Bureau of Prisons Dir.*, 2016 WL 5868093, at *4 (D.S.C. Sept. 12, 2016) (Marchant, M.J.) (same) (collecting cases), *report and recommendation adopted*, 2016 WL 5851936 (D.S.C. Oct. 6, 2016) (Hendricks, J.); *Himmel v. Upton*, 2019 WL 1112923, at *2 n.6 (N.D. Tex. Mar. 11, 2019) ("[A]ny motion for compassionate release under the newly amended provision of 18 U.S.C. § 3582(c)(1)(A) should be filed in the sentencing court."); *Braswell v. Gallegos*, 82 Fed.Appx. 633, 635 (10th Cir. 2003) ("Because a motion filed under § 3582 requests modification of a sentence, it follows that such a motion must be filed in the district court which imposed the sentence.").

Inasmuch as Ms. Fetherman was sentenced in the Eastern District of Tennessee, this Court cannot consider a request for compassionate release.

To the extent that the petitioner asserts that her conditions of confinement violate the Eighth Amendment and seeks relief, the United States Court of Appeals for the Fourth Circuit has not specifically addressed, in a published opinion, whether such claims may be addressed in habeas corpus. Nonetheless, several panels of the Court have held that such challenges are not cognizable under 28 U.S.C. § 2241. See *Wilborn v. Mansukhani*, 795 Fed.Appx. 163 (4th Cir. 2019) ("Seven of the ten circuits that have addressed the issue in a published decision have concluded that claims challenging conditions of confinement cannot be brought in a habeas petition.") (collecting cases); *Rodriguez v. Ratledge*, 715 Fed.Appx. 261, 266 (4th Cir. 2017) (conditions of confinement claims are not cognizable in a § 2241 petition); *Braddy v. Wilson*, 580 Fed.Appx. 172 (4th Cir. 2014) (dismissing habeas petition

alleging a conditions of confinement claims as improperly brought under § 2241); *Hardin v. Acting Warden, FCI Edgefield*, 2020 WL 3259761 (D.S.C. May 6, 2020), recommendation adopted by, 2020 WL 3259308 (D.S.C. June 16, 2020) (conditions of confinement claims are not cognizable under § 2241); *United States v. Johnson*, 2020 WL 1663360, at *5 (D.Md. Apr. 3, 2020) (concluding that Fourth Circuit precedent precludes an inmate from asserting claims concerning exposure to COVID-19 under § 2241 because such a claim does not challenge the constitutionality of a sentence). "Thus, the weight of authority both within and outside this circuit suggests that, as a general matter, petitioners cannot challenge their conditions of confinement in a habeas corpus proceeding." *Hallinan v. Scarantino*, 2020 WL 3105094, at *11 (E.D. N.C. June 11, 2020).

Additionally, petitioner raises a suspiciously terse allegation that medical staff engaged in improper communications concerning inmate health through cell doors, and that such communications constitute a "Hippa (sic) law (privacy[)]" violation. Even if these communications constituted a violation of the Health Insurance Portability and Accountability Act (HIPAA), which they affirmatively do not, petitioner is not entitled to relief. When Congress enacts a statutory scheme which leaves enforcement only to federal regulators and does not create a remedy, such as damages, in favor of individuals wronged by violation of the statute, the statute "does not authorize a private right of action." In fact, every Circuit Court to consider whether HIPAA created a private right to sue has found that it does not. See *Payne v. Taslimi*, 998 F.3d 648 (4th Cir. 2021) (collecting cases and concurring in same). Therefore, petitioner has no right to bring an action under, or based on, the statute, as the enforcement

4

of HIPAA is left to a federal agency. There simply is no remedy in this Court for the wrong alleged by petitioner.

Finally, petitioner states that she has successfully participated in FSA classes and is currently employed. After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence." ***United States v. Wilson***, 503 U.S. 329, 335 (1992). Generally, a federal inmate must exhaust available administrative remedies before filing a writ of habeas corpus in federal court. See ***Boumediene v. Bush***, 553 U.S. 723, 782 (2008); ***McClung v. Shearin***, 90 Fed.App'x. 444, 445 (4th Cir. 2004) ("Federal prisoners must exhaust their administrative remedies prior to filing § 2241 petitions."). Although § 2241 does not contain a statutory exhausting requirement, courts have consistently required prisoners to exhaust their administrative remedies before seeking habeas review under § 2241. See ***Timms v. Johns***, 627 F.3d 525, 530–33 (4th Cir. 2010).

The BOP grievance process allows an inmate to voice concerns about her confinement. See C.F.R. § 542.10, *et seq*. If an inmate cannot resolve a complaint informally within her correctional facility, she may file a written request to the Warden on a Form BP-9. See 28 C.F.R. § 542.14(a). The BP-9 complaint must be filed within twenty (20) days after the event that forms the basis for the request. See id. If the inmate is not satisfied with the Warden's response, she may appeal using a Form BP-10 to the appropriate BOP Regional Director within twenty (20) days of the Warden's response. See 28 C.F.R. § 542.15(a). If the inmate remains unsatisfied, she may appeal to the BOP General Counsel using a Form

5

BP-11 within thirty (30) days of the Regional Director's response. *See* id. An appeal to the BOP General Counsel is the final administrative step, and an inmate cannot exhaust administrative remedies without pursuing her grievance at all levels of the administrative process. *See* id.

Until the grievance has been presented to the BOP General Counsel, this Court lacks subject matter jurisdiction to review petitioner's FSA claims. Accordingly, petitioner's claim may not be considered under § 2241, and this Court is without jurisdiction to consider her petition. When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the case." ***Churchville v. Bowers***, Civ. Act. No. 3:20-CV-00208 (N.D. W.Va. May 19, 2021) (Trumble, M.J.), *report and recommendation adopted,* 2021 WL 3161552 (N.D. W.Va. July 26, 2021) (Groh, C.J.) (quoting ***Steel Co. v. Citizens for a Better Env't,*** 523 U.S. 83 (1998); ***Reinbold v. Evers***, 187 F.3d 348, 359 n.10 (4th Cir. 1999)).

For the reasons stated above, this Court concludes that it lacks jurisdiction to rule upon the petitioner's claims. Accordingly, the Motion to Dismiss, or in the Alternative, Motion for Summary Judgment [**Doc. 10**] is **GRANTED**, and the case is **DISMISSED WITHOUT PREJUDICE**.

It is so **ORDERED**.

The Clerk is directed to mail a copy of this Order to the petitioner by certified mail, return receipt requested, to her last known address as reflected on the docket sheet.

DATED: July **7**, 2022.

                                             *[signature]*

                                             **JOHN PRESTON BAILEY**
                                             **UNITED STATES DISTRICT JUDGE**